IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILFRED ALEXANDER PAGE, et al.,

      Plaintiffs,

v.                                                          No. 1:19-cv-00926-JHR

UNIVERSITY OF NEW MEXICO, et al.,

      Defendants.

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS
AND GRANTING LEAVE TO FILE AN AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 4, filed October 9, 2019.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security

for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff is unemployed; (ii) Plaintiff's spouse's monthly income is $3,000.00; (iii) Plaintiff's spouse's monthly expenses total $3,666.67; and (iv) Plaintiff has no cash and no money in bank accounts; his spouse has $1,000.00 in a bank account. The Court finds that Plaintiff is unable to pay the costs of this proceeding because his and his spouse's monthly expenses exceed their monthly income.

**The Complaint**

Plaintiff filed his Complaint on behalf of himself and "MDC Medical Patients & PSU Patients." Doc. 1 at 1, filed October 1, 2019. The Court notifies Plaintiff that a "litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).

Plaintiff alleges that:

On (date) 2017-Current, at (place) Albuquerque Metro Detention Center . . . While in custody and Under a Clinical Supervision Hold in PAC 2 I was forced to take Seroquel in which I informed the Doctors I was allergic to, stating that I was then and still on Bupropion in which they said they did not have and the Dr then Stated that "I will take the Seroquel and I will like it" when I refused she put me on suicide watch for being suicidal because I did not follow her orders. After giving In and following her orders and taking several large doses of Seroquel while in Jail on more then on occasion in which every single time I did inform every single medical and PSU Staff Member that I am allergic to Seroquel they forced me to take it

Complaint at 4.

**Proceeding** *in forma pauperis*

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim . . . only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

The Complaint fails to state a claim against Defendant Metro Detention Center because it is not a separate suable entity. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity).

If Plaintiff is asserting claims against the doctors and staff referred to in the factual allegations,[1] the Complaint fails to state a claim against those individual Defendants. A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice." Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original);

[1] It appears that Plaintiff may be asserting claims against the individual doctors and staff referred to in the factual allegations. Although the caption and the list of Defendants in the form Complaint do not name the individual doctors and staff, the caption and list of Defendants mention the "Medical Department" and the "P.S.U. Department." Doc. 1 at 1-2.

*Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; *when* the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.") (emphasis added). The Complaint does not make clear exactly when and who forced Plaintiff to take Seroquel during the approximately two-year period of "2017-Current" alleged in the Complaint. *See* Doc.1 at 4.

The Complaint fails to state a claim against Defendant University of New Mexico ("UNM") because there are no factual allegations indicating what UNM did to Plaintiff; when UNM did it; how UNM's action harmed Plaintiff; and, what specific legal right Plaintiff believes UNM violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d at 1163.

While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 4, filed October 9, 2019, is **GRANTED.**

(ii) Plaintiff may file an amended complaint within 21 days of entry of this Order. Failure to timely file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**