# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

WILFRED ALEXANDER PAGE, et al.,

      Plaintiffs,

v.                                                           No. 1:19-cv-00926-RB-JHR

UNIVERSITY OF NEW MEXICO, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff's Amended Complaint for a Civil Case Alleging Negligence (28 U.S.C. § 1332; Diversity of Citizenship), filed October 21, 2019. (Doc. 6.) Plaintiff filed his original Complaint against the University of New Mexico (UNM) and the Metro Detention Center (MDC). (Doc. 1 at 1.) Although he did not name them as Defendants, Plaintiff complained of the actions of medical doctors and correction officers at MDC.

The Court notified Plaintiff that the Complaint failed to state a claim against Defendant Metro Detention Center because it is not a separate suable entity. (Doc. 5 at 3.) "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 F. App'x. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity).

The Court also notified Plaintiff that if he is asserting claims against the unidentified doctors and staff referred to in the Complaint, the Complaint failed to state a claim against those individual Defendants because Plaintiff did not allege with particularity what each Defendant did to Plaintiff and when they did it. (Doc. 5 at 3 (citing *Nasious v. Two Unknown B.I.C.E. Agents, at*

*Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.")).).

The Court also notified Plaintiff that the Complaint fails to state a claim against Defendant UNM because there are no factual allegations indicating what UNM did to Plaintiff; when UNM did it; how UNM's actions harmed Plaintiff; and what specific legal right Plaintiff believes UNM violated. (*Id.* at 4 (citing *Nasious*, 492 F.3d at 1163).)

Finally, the Court notified Plaintiff that the Complaint could be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, and it granted Plaintiff leave to file an amended complaint. (*Id.*)

Plaintiff's Second Amended Complaint also fails to state a claim. Despite the Court notifying Plaintiff that MDC is not a suable entity, the Second Amended Complaint names MDC as a Defendant. And despite the Court notifying Plaintiff that the Complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice" (Doc. 5 at 3 (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008))), the Second Amended Complaint does not identify the individual Defendants or state what Defendant UNM and each individual Defendant did and when they did it..

**IT IS ORDERED** that this case is **DISMISSED with prejudice.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE